IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENNETH L. GARDNER                                                                       PLAINTIFF

Civil No. 04-6068

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                  DEFENDANT

## **MEMORANDUM OPINION**

Pending now before the undersigned on this 14th day of November, 2005, is the Motion for Attorney's Fees pursuant to *42 U.S.C. §406(b)* filed on November 1, 2005, by Richard S. Muse, attorney for the plaintiff (Doc #23). The defendant filed her Response on November 10, 2005 (Doc. #24).

On February 16, 2005, the undersigned remanded this matter for further proceedings pursuant to sentence four, *42 U.S.C. §405(g)* (Doc. #14 & 15). Upon remand, the plaintiff received a favorable decision. Counsel now seeks an attorney's fee in the amount of $6,285.00 (Doc. #23, p.1). Counsel seeks this amount for the 27.25 hours he asserts were devoted to representation of the plaintiff before the district court. Such an award would represent an attorney's fee at the rate of $230.64 per hour.

As always we decline to approve a fee for time spent in the representation of plaintiff at the agency level. The matter of attorney's fees for services performed at the administrative level is committed by *42 U.S.C. § 406(b)(1)*, to the responsibility of the Commissioner, and such fees may not be awarded by the courts. *Pittman v. Sullivan, 911 F.2d 42, 45 (8th Cir.1990).*

In the instant case, the defendant does not object to the requested award, stating:

> Defendant…has no objection to Counsel's motion seeking authorization for attorney fees. Specifically, the Commissioner does not object to an award of attorney fees in the amount of $6,285.00 pursuant to *42 U.S.C. § 406(b)*. Even so, the Commissioner would have appreciated seeing the following [list of 4 documents] attached to Counsel's motion to properly document his request for the benefit of the Court and Counsel's client (Plaintiff)…

(Doc. #24, p. 1). The four documents referenced above are: 1) a copy of Plaintiff's award letter showing that $6,285.00 is being withheld for payment of attorney fees; 2) a copy of the contract/fee agreement entered between Plaintiff and Counsel for Plaintiff; 3) a statement from Counsel verifying Counsel's understanding that he must refund to Plaintiff the lesser amount of the *Equal Access to Justice Act* (hereinafter "*EAJA*") fee award and the *42 U.S.C. § 406(b)* fee award; and, 4) a statement of Counsel's normal hourly billing amount and other information to ensure that Counsel will not receive a windfall (Doc. #24, pp. 1-2).

Additionally, the docket reflects that Counsel for Plaintiff received $2,031.25 in attorney fees pursuant to the *EAJA*, *28 U.S.C. § 2412*. Upon receipt of the fees awarded under *42 U.S.C. § 406(b)*, Plaintiff's counsel is required to refund Plaintiff the lesser amount of the fees paid under *42 U.S.C. § 406(b)* and the *EAJA*. *See Weakley v. Bowen, 803 F.2d 575 (10th Cir. 1986)*.

Attorney's fees for representation at the district court level are limited by *42 U.S.C. § 406(b)(i),* not to exceed twenty-five percent of past due benefits. We note this so that the Commissioner may coordinate any fees granted for services at the administrative level with its award, approved herein, so that the total allowed fee would not exceed twenty-five

AO72A
(Rev. 8/82)

percent of past due benefits.[1]  *Davis v. Bowen*, 894 F.2d 271, 273 (8th Cir.1989).

We have reviewed counsel's Itemized Statement, purporting to itemize 27.25 hours spent in the representation of plaintiff before the district court, and find the time claimed to be reasonable. Thus, we note that it appears counsel is entitled to compensation for 27.25 hours for work performed at the district court level.

In determining the applicable hourly rate, we note that the United States Court of Appeals for the Eighth Circuit has found the lodestar approach more consistent with the statutory mandate of a reasonable fee, with 25% of past due benefits representing the maximum, as opposed to the standard attorney's fee. See *Rodriquez*, 865 F.2d at 748-49 (J. Wellford, concurring in part and dissenting in part); *Starr v. Bowen*, 831 F.2d 872, 874 (9th Cir.1987). See generally *Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 945, 103 LED.2d 67 (1989) (noting "lodestar" approach forms the "centerpiece" of attorney's fee awards under section 1988). In calculating the lodestar in this case, we find that an hourly rate of $150 is reasonable, in light of the twelve factors initially set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), and referred to by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933, 1937 n. 3, 76 L.Ed.2d 40 (1983). See *Cotter v. Bowen*, 879 F.2d 359, 363-364 (8th Cir.1989). The

---

[1] Other circuits which have addressed the issue agree that the aggregate of fees awarded at the judicial and administrative levels may not exceed twenty-five percent of past due benefits. *Guido v. Schweiker*, 775 F.2d 107, 108 (3d Cir.1985); *Morris v. Social Sec. Admin.*, 689 F.2d 495, 497-98 (4th Cir.1982); *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir.1972); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir.), cert. denied, 400 U.S. 830, 91 S. Ct. 60, 27 L. Ed.2d 60 (1970); see also *Harris v. Secretary of Health & Human Servs.*, 836 F.2d 496, 498 n. 1 (10th Cir.1987) (noting agreement among circuits).

AO72A
(Rev. 8/82)

twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases. See *Hensley v. Eckerhart*, 461 U.S. at 430 n. 3, 103 S.Ct. at 1937 n. 3, 76 L.Ed.2d 40 (1983).

Since *Hensley*, the Supreme Court has interpreted these factors several times as they apply to fee decisions under fee-shifting statutes, such as section 1988. See *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 943-45, 103 L.Ed.2d 67 (1989); *id.* 109 S.Ct. at 946-47 (J. Scalia, concurring in part and concurring in judgment); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air (Delaware Valley II)*, 483 U.S. 711, 107 S.Ct. 3078, 3085-86, 97 L.Ed.2d 585 (1987); *Pennsylvania v. Delaware Citizens' Council for Clean Air (Delaware Valley I)*, 478 U.S. 546, 562-66, 106 S.Ct. 3088, 3096-99, 92 L.Ed.2d 439 (1986); *Blum v. Stenson*, 465 U.S. 886, 893-95, 897 n. 13, 104 S.Ct. 1541, 1548 n. 13, 79 L.Ed.2d 891 (1984).

In *Hensley*, the Supreme Court noted that while the *Johnson* factors may be employed to adjust the lodestar fee upward or downward, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9.

Further, the court is not bound to award to counsel the full 25% of past due benefits.

*Dowdy v. Bowen, 636 F.Supp 591 (W.D.Mo. 1986); Garber v. Heckler, 607 F.Supp. 574, 575 (E.D.N.Y.1985).* In fact, it has been noted that in the vast majority of cases, a reasonable award will be less than the statutory maximum of 25%. See *Allen v. Heckler, 588 F.Supp. 1247, 1250 (W.D.N.Y.1984).*

Thus, these factors, along with the particular facts of this case, have been considered by the undersigned. We find the hourly rate of $150.00 to be reasonable, and we note also that it is slightly more than the statutory maximum allowed for *EAJA* attorneys fees awards, after the passage of *The Contract with America Advancement Act of 1996.* See *Public Law 104-121, § 232(b)(1).* After considering the above described criteria for the determination of a reasonable attorney's fee, and a review of the actual time expended in this representation, it is found that a reasonable fee under *42 U.S.C. § 406(b)* is $4,087.50, or 27.25 hours at an hourly rate of $150.00 per hour.

**Conclusion:**

Accordingly, we approve an attorney's fee in the amount of $4,087.50, representing 27.25 hours spent in representing the plaintiff before the district court at an hourly rate of $150.00, pursuant to *42 U.S.C. § 406(b).*

Counsel may petition the SSA for the balance of the fee he asserts is due to him, the total fee award not to exceed 25% of the total of past due benefits to which the plaintiff is entitled.

Counsel is reminded that he must fulfill his obligation with respect to the receipt of *EAJA* fees in addition to the award of fees pursuant to *42 U.S.C. § 406(b),* by refunding the lesser of the amount of the fees paid under *42 U.S.C. § 406(b)* and the EAJA to Plaintiff. See also *28 U.S.C. §2412.*

AO72A
(Rev. 8/82)

ENTERED this 15th day of November, 2005.

      /s/Bobby E. Shepherd
     Honorable Bobby E. Shepherd
     United States Magistrate Judge

AO72A
(Rev. 8/82)